Sachin R. Mehta, S.B. No. 223572
Jessica D. Lew, S.B. No. 225459
**MEHTALEGAL**
3400 Airport Avenue, Suite 20
Santa Monica, California 90405
Telephone:  (310) 390 – 1200
Fax:             (310) 390 – 1300
Email:          sachin@mehtalegal.com

Attorney for Plaintiff
PROSERIES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROSERIES LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>TOTAL ICE THERAPY, a business entity of unknown form; PETE'S ICE, a business entity of unknown form; PETER LOWENBERG, an individual; EZ ICE THERAPY, a business entity of unknown form; BRAD SMITH, an individual; PRO THERAPY SUPPLIES, a Georgia limited liability company; and DOES 1 through 100, inclusive,<br><br>  Defendants. | **CASE NO. 2:12-cv-01242-R-VBK**<br>Assigned to:<br>The Honorable Manuel L. Real<br><br>**STIPULATED PROTECTIVE ORDER** |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

## STIPULATED PROTECTIVE ORDER

Plaintiff ProSeries, LLC ("Plaintiff") and Defendants Total Ice Therapy, Pete's Ice, and Peter Lowenberg (collectively, " Lowenberg Defendants") have stipulated and agreed to the entry of this Stipulated Protective Order to govern the limitation of disclosure of certain information to be produced in this litigation that contains trade secrets or other confidential research, development, or sensitive commercial information.  Plaintiff and the Lowenberg Defendants agree that any confidential disclosures made pursuant to this Stipulated Protective Order are limited to the parties that execute this Stipulation and its Attachment A.  Accordingly, the Court finds that good cause supports the entry of this Stipulated Protective Order.

IT IS HEREBY STIPULATED, AGREED, AND ORDERED, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that the information, testimony, documents and other things, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation shall be subject to the terms and provisions of this Stipulated Protective Order as set forth below.

1. By designating a document, thing, material, testimony, or other information derived therefrom as "confidential," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and fact for the designation within the meaning of Federal Rules of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of a document produced to a party which the legend, "CONFIDENTIAL."  Stamping the legend, "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.     Testimony taken at deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.     Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material"), shall be used only for the purpose of the prosecution, defense, or settlement of this Action, and for no other purpose.

5.     Confidential Material produced pursuant to this Order may be disclosed, or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) that has agreed to be bound by this Stipulated Protective Order, and to the "Qualified Persons" designated below:

    a. A party, or any present officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action;

    b. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this Action;

    c. Court reporters employed in this Action;

    d. A witness at any deposition or other proceeding in this Action; and

    e. Any other person as to whom the parties in writing agree.

6.     Prior to receiving any Confidential Material, each "Qualified Person" shall be provided with a copy of this Order and shall execute a nondisclosure

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Depositions shall be taken only in the presence of Qualified Persons.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" ("Attorney's Eyes Only Material"), in the manner described in Paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for a party (including paralegal, clerical, and secretarial staff employed by such counsel) that has agreed to be bound by this Stipulated Protective Order, and to the "Qualified Persons" listed in subparagraphs 5(b)-(e) above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this Paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this Action, or prior to the execution of this Stipulated Protective Order, whether or not such material is also obtained through discovery in this Action, or from disclosing its own Confidential Material as it deems appropriate.

10. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be labeled, "CONFIDENTIAL – Subject to Court Order" and filed under seal until further order of the Court.

11. In the event that any Confidential Material is used in any court proceeding in this Action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

4
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

12. This Order shall be without prejudice to the right of the parties (i) to bring before this Court at any time the question of whether a particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this Action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this Action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Action, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of the same, or shall certify the destruction thereof.

**SO STIPULATED:**

Dated: August 6, 2012                                      **MEHTALEGAL**

                                                          /s/ Sachin R. Mehta
                                                          Sachin R. Mehta, Esq.

5
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1                                                Attorney for Plaintiff
                                               PROSERIES LLC

*[signatures continued on the following page]*

Dated: August 6, 2012                         **HANGER, STEINBERG, SHAPIRO & ASH**

                                               /s/ Jody Steinberg
                                               Jody Steinberg, Esq.
                                               Attorney for Defendants
                                               Peter Lowenberg, dba Pete's Ice
                                               dba Total Ice Therapy

**APPROVED AND SO ORDERED.**

Dated:_August 9, 2012___                  _____
                                               Hon. Manuel L. Real
                                               United States District Court Judge

## Attachment A
## NONDISCLOSURE AGREEMENT

  I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Proseries LLC v. Total Ice Therapy et al.*, United States District Court for the Central District of California, Case No. 2:12-cv-01242-R-VBK, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order. I acknowledge my obligation to return or destroy all Confidential Information in accordance with Paragraph 14 thereof.

  I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

_____      _____
Date Signed               Declarant's Signature

                    _____
                    Printed Name

                    _____
                    Address

                    _____
                    City, State, Zip Code

ATTACHMENT A
[PROPOSED] STIPULATED PROTECTIVE ORDER